UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| EDSON FLORES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 4:18-cv-01493-ACA-HNJ |
| ) | |
| SCOTT HASSELL, et al., ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on the petition for a writ of habeas corpus filed by Edson Flores, an immigration detainee, pursuant to 28 U.S.C. § 2241. (Doc. 1). In accordance with the court's usual procedure, the petition was referred to the undersigned magistrate judge for a preliminary report and recommendation. For the reasons set forth herein, the undersigned **RECOMMENDS** that the court **DISMISS** the habeas corpus petition **WITHOUT PREJUDICE**.

## PROCEDURAL HISTORY

In his September 13, 2018, petition, the petitioner asserts his continued detention violates substantive and procedural due process requirements pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1). Petitioner, a citizen of Honduras currently detained at the Etowah County Detention Center in Gadsden, Alabama, asserts he has been detained since June 10, 2011, when he finished a prison sentence

1

and was taken into ICE custody. (Doc. 1 at 3). On January 6, 2012, an Immigration Judge ("IJ") ordered the petitioner removed to Honduras, and on May 22, 2012, the Board of Immigration Appeals ("BIA") denied his appeal. (*Id.*, at 4). On June 18, 2012, the petitioner filed a petition for review and a request for stay of removal in the Second Circuit Court of Appeals. (*Id.*). On February 26, 2015, the Second Circuit vacated the decision of the BIA and remanded for further proceedings.[1] (*Id.*, at 5). In turn, the BIA remanded to the IJ on February 3, 2016. (*Id.*).

On March 22, 2017, an IJ again ordered the petitioner removed. (Doc. 1 at 5). The petitioner again appealed to the BIA, which dismissed his appeal on October 17, 2017. (*Id.*). On October 23, 2017, the petitioner filed another petition for review and a request for stay of removal in the Second Circuit. (Doc. 1 at 5; doc. 7 at 4.). That appeal remains pending.[2] On July 10, 2018, the Second Circuit granted the stay of removal and appointed counsel to assist the petitioner. *See Flores v. Whitaker*, Appeal No. 17-3421 (2nd Cir. July 10, 2018).

The respondents, through the affidavit of Bryan S. Pitman, Supervisory Detention and Deportation Officer, state that Honduras maintains strong ties with the United States and routinely issues travel documents to repatriate their citizens. (Doc. 7-1 at 4). Honduras has previously issued a travel document for the petitioner

---

[1] *See Flores v. Holder*, Appeal No. 12-2406 (2nd Cir. Feb. 26, 2015). This court may take judicial notice of its own records. *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999), and the records of other federal courts, *see* Fed.R.Evid. 201(b).

[2] *See Flores v. Whitaker*, Appeal No. 17-3421 (2nd Cir. 2017).

and will likely again do so when the pending litigation is resolved. (*Id.*).

In the instant petition, the petitioner asserts his detention since October 17, 2017, when his order of removal became final, violates *Zadvydas, supra*, and that Honduras is unlikely to issue travel documents.[3] (Doc. 1 at 5, 9-10). The Government responds that the petitioner's detention is lawful and relief should be denied because removal is likely in the foreseeable future. (Doc. 7 at 11). The Government further asserts the removal period has been extended by the stay of removal entered by the Second Circuit. (Doc. 7 at 6).

## DISCUSSION

Once an order of removal becomes final, the government has a statutory "removal period" of 90 days to accomplish removal. 8 U.S.C. § 1231(a)(1)(A). However, 8 U.S.C. § 1231(a)(6) allows for a criminal alien to "be detained beyond the removal period…." In *Zadvydas*, the Supreme Court interpreted this language to provide an additional 90 days in which the government may accomplish removal. *Id.,* 533 U.S. at 701. Therefore, to set forth a viable claim for release under *Zadvydas,* a petitioner must demonstrate (1) post-removal order detention greater than six months; and (2) no significant likelihood of removal in the reasonably forseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). "This six-month period … must have expired at the time [the petitioner's] § 2241 petition was filed in

---

[3] The petitioner asserts that despite his cooperation with ICE efforts to remove him to Honduras, ICE has not been able to do so because the Second Circuit has twice granted his motions for stay of removal. (Doc. 1 at 9).

3

order to state a claim under *Zadvydas.*" *Id.*

The six month time period begins to run on the date the order of removal becomes administratively final, 8 U.S.C. § 1231(a)(1)(B)(i), or "if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order," 8 U.S.C. § 1231(a)(1)(B)(ii), whichever occurs later.[4] Here, the order of removal became final on October 17, 2017. However, on July 10, 2018, the Second Circuit issued a stay of removal. Thus, under § 1231(a)(1)(B)(ii), the petitioner's presumptive removal period has been halted. *See Akinwale,* 287 F.3d at 1052 n.4 (referring to a motion to stay deportation as "interrupting the running of time under *Zadvydas*"); *see also Deacon v. Shanahan*, 2016 WL 1688577, *5 (N.D.Ala. 2016); *Harrison v. Holder*, 2012 WL 4479258, *4 (N.D.Ala. 2012); *Guentangue v. Bateman*, 2006 WL 3361428, *4 (S.D.Ala. 2006). Until the Second Circuit issues a final order in the petitioner's appeal, the presumptive removal period does not run. *Deacon,* 2016 WL 1688577 at *5 (citing *Poole v. Streiff*, 2007 WL 2083618, at *1 (S.D. Ala. July 18, 2007)).

The Eleventh Circuit also interprets the filing of a motion for stay of deportation as extending the removal period under 8 U.S.C. § 1231(a)(1)(C), which permits an extension when the alien "acts to prevent the alien's removal subject to an order of removal." *Akinwale*, 287 F.3d at 1052 n.4. Like the petitioner in *Akinwale,*

---

[4] A third possibility, the date a previously detained alien is released from detention, can also start the removal period. *See* 8 U.S.C. 1231(a)(1)(B)(iii). Neither party suggests this provision has any applicability here.

the petitioner here has chosen to "simultaneously challenge issues related to his removal order and his post-removal period detention."[5] *Id.*

Although provided an opportunity to do so,[6] the petitioner does not address either of the government's arguments, namely that pursuant to *Akinwale*, the petitioner's continued detention is lawful, or that his detention is authorized by 8 U.S.C. § 1231(a)(6). Particularly, even if not constrained by the stay of removal issued by the Second Circuit, the petitioner has failed to show his removal is unlikely in the foreseeable future and thus would not be entitled to any relief. Addressing the petitioner's claim that Honduras is unlikely to issue travel documents for him, the Government asserts that Honduras has cooperated with removals of aliens from the United States in the past, and in fact, has previously issued a travel document for the petitioner. (Doc. 7-1 at 4). The petitioner has provided no evidence to support his claim that his removal in the reasonable foreseeable future is unlikely, despite his burden to do so. *See Zadvydas*, 533 U.S. at 701; *Akinwale*, 287 F.3d at 1052.

---

[5] The petitioner further asserts his continued detention violates the Fourth Amendment because the IJ ordered him released by removal from the United States. (Doc. 1 at 8). The petitioner claims "the Fourth Amendment applies to ICE detention of Mr. Flores after he was entitled to release by an order of removal that was also affirmed by the BIA." (*Id.*). Given that the petitioner's current detention is the direct result of his filing a petition for review and a motion to stay his removal, the Fourth Amendment is inapplicable.

[6] On November 5, 2018, the respondents filed their response to the court's Order to Show Cause. (Doc. 7). On November 6, 2018, the court ordered the petitioner to file within 21 days any further evidence or arguments he wanted the court to consider. (Doc. 8). The petitioner filed an affidavit asserting he received the court's order, but not the underlying response. (Doc. 9). Therefore, the court ordered the respondents to ensure service of their response and allowed the petitioner an additional 21 days to submit further evidence or argument. (Doc. 10).

## RECOMMENDATION

For the reasons set forth herein, the magistrate judge **RECOMMENDS** that the petition be **DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT

A petitioner may file specific written objections to this report and recommendation. The petitioner must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the petition that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

Upon receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of

fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The petitioner may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The petitioner may only appeal from a final judgment entered by a district judge.

**DONE** this 23rd day of January, 2019.

                                            HERMAN N. JOHNSON, JR.
                                    UNITED STATES MAGISTRATE JUDGE